State v. Martinez, 25 N. M. 328.

during the recess something occurred in the presence of the
jury that was prejudicial to him.                          P. 333

2.    Expert knowledge is not required on the part of the
witness to enable him to testify as to the comparative size of
a gunshot wound.                                          P. 334

3.    Threats made by the defendant accused of murder, to
kill some person not definitely designated, especially when
made shortly before the commission of the crime to which
they may be construed to refer, are admissible in evidence in
connection with other explanatory circumstances on proof of
the corpus delicti.                                       P. 334

4.    The following instruction upon the presumption of in-
nocence approved:

·"The defendant is presumed by law to be innocent, and that
presumption remains with him until his guilt is established
by the evidence beyond a reasonable doubt of the offense
charged against him, and it devolved upon the state to estab-
lish the guilt of the defendant beyond a reasonable doubt be-
fore you would be warranted in depriving the defendant of
the benefit of this presumption or find him guilty."     P. 336

5.    The defendant was on trial for murder, and insanity
was relied upon as an excuse.    The court instructed the jury
as to the essential elements of murder in the first degree, and
advised the jury, if all the essential facts had been established
beyond a reasonable doubt, the law presumed it murder un-
less circumstances existed excusing or justifying the act or
mitigated it so as to make it manslaughter.    **Held,** that the
instructions were not liable to objection of excluding the de-
fense of an excuse of insanity; but, on the contrary, they rec-
ognized the fact that there might be an excuse for the act.
                                                         P. 336

Appeal from District Court, Santa Fe County; Redd
Holloman, Judge.

Isidoro Martinez was convicted of first degree murder,
and he appeals.    Affirmed.

CARL H. GILBERT, of Santa Fe, and J. I. HOLLINGS-
WORTH, of Denver, Colo., for appellant.

Absence of trial judge and his relinquishment of con-
trol of proceedings while evidence was being introduced
deprived the appellant of his constitutional right of trial
by jury and of due process of law.

Art. 2, Sec. 14, Art. 2, Sec. 18, N. M. State Const.;
Capital T. Co. v. Hof, 174 U. S. 1; 8 A. & E. Enc. of Law,

22, 25; 11 Cyc. 655; 1 Thompson on Trials, Sec. 212; 17 A. & E. Enc. of Law, 719; 12 Cyc. 572; State v. Beuerman, 53 Pac. 875; O'Brien v. People, 31 Pac. 230; Stokes v. State, 71 S. W. 248; Ellerbe v. State, 22 So. 950; Horne v. Rogers, 35 S. E. 715; Bateson v. State, 80 S. W. 88; People v. Tupper, 55 Pac. 125; Wright v. State, 123 Pac. 434; Martin v. State, 73 S. E. 686; Lewis v. City of Hoboken, 42 N. J. Law. 377; State v. Jackson, 113 N. W. 880; White County Commissioners v. Gwin, 33 N. W. 237; People v. Board of Trustees, 39 N. Y. Supp. 607; Pressley v. Lamb, 105 Ind. 171; Gray v. Bestedo, 46 N. J. Law, 453; State v. Judge Civ. Dist. Court, 52 La. Ann. 1256; Davis v. Del. Tn., 41 N. J. Law, 55; In re Lawyer's tax cases, 8 Heisk (Tenn.), 565; People v. Grider Cal., 110 Pac. 586; People v. Blackman Cal., 59 Pac. 573; Turbeville v. State, 56 Mies. 793; Stiles v. State, Okla., 132 Pac. 822; Cochran v. State Okla., 111 Pac. 974; Miller v. State Ohio, 76 N. E. 823; Skaggs v. State Ark., 113 S. W. 346; People v. Shaw, 63 N. Y. 36; Hinman v. People, 13 Hun 266; People v. McPherson, 74 Hun 336; Kerr v. Modern Woodmen of America, 117 Fed. 593; U. S. v. Philadelphia & R. R. Co., 123 U. S. 113; Archer v. Board of Levee Inspectors, 128 Fed. 125; Aetna Indemnity Co. v. Crowe Co., 154 Fed. 545; State v. Lyon, 109 Pac. 990; Meredith v. People, 84 Ill. 479; Thompson v. People, 144 Ill. 380; Slaughter v. U. S., 82 S. W. 732; Pennoyer v. Neff, 95 U. S. 714; Simms v. Slacum, 7 U. S. 300; In re Curry, 25 Hun. 321.

Court erred in permitting witness to testify as to calibre of weapon with which fatal wound was inflicted.

Wigmore, Sec. 1924; Terr. v. Claypool, 11 N. M. 568.

Admission of what purports to be a letter was erroneous. Threats must refer to deceased in terms or made under circumstances warranting jury in believing connection between them and the homicide.

21 Cyc. 922; Bird v. U. S., 180 U. S. 356; Holly v. State, 46 S. W. 39; Stevenson v. U. S., 86 Fed. 106;

State v. Crabtree, 111 Mo. 136; Redd v. State, 68 Ala. 492; Milton v. State, 83 S. W. 822.

The court erred in refusing to instruct jury that presumption of innocence was evidence in favor of accused.

Coffin v. U. S., 156 U. S. 461; Ty. v. Lucero, 8 N. M. 543; Ty. v. Baca, 11 N. M. 559; Cochran v. U. S., 157 U. S. 300; Davis v. U. S., 160 U. S. 469; U. S. v. Bresee, 131 Fed. 923.

Instruction 19 was erroneous because it excluded right of jury to acquit if they found appellant insane.

Thompson on Trials, Sec. 2326; 14 R. C. L., Sec. 45, Instructions; Dambmann v. Met. S. Ry. Co., 2 L. R. A. (N. S.) 309; Deserant v. Cerr. Coal Co., 178 U. S. 409.

HARRY L. PATTON, Atty. Gen., and C. A. HATCH, Asst. Atty. Gen., for the state.

When court announced he would leave proceedings were technically suspended.

Territory v. West, 14 N. M. 546.

Person not an expert may testify as to firearms.

State v. Laster, 60 Atl. 361.

Fact that incriminating letter was not signed is immaterial.

State v. Meyers, 94 S. W. 242.

## OPINION OF THE COURT.

ROBERTS, J.  Appellant shot and killed his wife at their home in Santa Fe county, on August 17, 1917, for which he was tried and convicted of first degree murder. He admitted the killing, but defended upon two grounds: First, that it was accidental; and, second, that he was insane at the time.  As the appellant does not

question the sufficiency of the evidence, no detailed statement of facts is necessary.

Five alleged errors are relied upon for a reversal which will be considered in the order stated in appellant's brief. First, it is contended that during the course of the trial, while counsel for appellee was questioning one of the state's witnesses, the judge absented himself from the courtroom for a period of approximately five minutes, during all of which time he was beyond the sight and hearing of the witness, counsel, and jury, during which time he completely relinquished control of the case. The record here contains two affidavits made by counsel for appellant, in which they state that, during the course of the examination by the district attorney of the witness for the state, the judge absented himself from the courtroom; and one of the affidavits states that the judge was absent for as long as five minutes; that during the absence of the judge the trial proceeded until an objection to a question propounded by the state was made by counsel for appellant, and upon such objection being made the case proceeded no further until the return of the judge. The district judge certified the fact to be as follows:

"At one time during the progress of the trial, a question was propounded by the state's attorney which was objected to by the defendant. After the court ruled thereon, the court was in doubt as to the correctness of the ruling, and, desiring to inform himself and procure an authority from the court library, stated that he would be absent for a short time to get a book from the library, whereupon the court left the courtroom, came to the library, which is about 40 feet from the courtroom, procured a volume of the Encyclopedia of Evidence, and immediately returned to the courtroom. The court was absent from the courtroom only momentarily—just long enough to go the distance above mentioned, procure the volume mentioned, and return to the courtroom. The court has no knowledge as to whether the attorneys for the defendant, or the defendant, knew that the judge left the courtroom, or that he made the statement above set forth, but assumes, from the statement made by counsel for the defendant, that they did not know those facts. During the time the court was out, a question was asked and objected to, and nothing further was done thereafter until the court returned to the courtroom, whereupon the question was reasked and the objection restated, and the court ruled upon the objection. No

objection was made upon the return of the judge as to his absence, no exception reserved because the judge had left the courtroom, as above stated, and no objection was made at any time during the progress of the trial based upon the fact that the judge did so absent himself as above set. forth.''

[**1**]  It will be noticed that the certificate of the presiding judge shows that the judge stated that he would be absent for a short time to get a book from the library. This statement made by the court was equivalent to announcing a recess, for the trial cannot proceed in the absence of the judge. It is wholly immaterial as to whether counsel heard the court declare the recess or make the announcement. It was their business to hear and to desist from proceeding with the trial during the absence of the judge. The weight of authority is to the effect that there can be no court without a judge, and, if the judge temporarily absents himself and directs or permits the trial to proceed in his absence, a defendant convicted under such circumstances is deprived of his liberty without due process of law; but no such question is presented here. When the judge announced that he would be absent for a moment, it was equivalent to announcing that a recess had been declared, and anything that occurred in the absence of the judge was no part of the trial, and defendant, in order to predicate error thereon, would be required to show that during the recess something occurred in the presence of the jury that was prejudicial to him.

The case is practically on all fours with the case of Territory v. West, 14 N. M. 546, 99 Pac. 343; the only distinction being that in the West Case, after the judge absented himself, counsel proceeded to propound a question when the sheriff informed him that the court was absent. In that case it was held that the court suspended the proceedings by the announcement, ''The court will be absent for a few minutes.'' If the rule were otherwise, it would be possible to bring about a mistrial in practically every case where a temporary recess was taken and the judge stepped out of the courtroom. All that counsel would be required to do would be to make some statement in the presence of the jury, or proceed to

propound a question to a witness and contend that certain proceedings occurred in the absence of the judge. We see no reason for departing from the rule announced in the West Case, and, as the authorities are fully discussed in that case, further argument here is unnecessary.

[2] The second proposition urged by the appellant is that the court committed error in permitting E. Brook to testify as to the size of the wound. The objection to this evidence was that it called for the conclusion of the witness and that no foundation had been laid to show the witness' knowledge of firearms or as to the size wounds made by bullets of various caliber. The witness was a physician, who testified that he had had four years' experience in hospital service in Washington, D. C., and a great deal of experience in treating gunshot wounds. The question propounded to the witness was: ''What was the size of the wound as compared to any bullet or instrument?'' The objection interposed was that it called for the conclusion of the witness and no foundation had been laid in regard to the witness' knowledge as to the size of bullets. The answer to the question was: ''I think it was a bullet of a 44 or larger.''

There is no merit in the objection which appellant urges. The witness was not called upon to testify as to the caliber of guns or bullets, but was asked to give the jury the comparative size of the wound. The witness elected to compare the size of the wound to a 44-caliber bullet. He might as readily have made the comparison by using any other object, such as a lead pencil.

[3] The third objection made by the appellant is the introduction of state's exhibit No. 4. This was a letter or statement shown to have been written by the defendant and read as follows:

"Don Jubencio and Don Antonio came last night to tell me that they were going to withdraw from my bond today at 1 o'clock, but that I should not wait any longer today between or 11 o'clock I will kill the son of a bitch. I cannot stand the anger as she does not estimate me in anything and he who

may be interested in prosecuting me let him follow me. Good-by, good-by. The man from Quemado, so that woman may not mock men. I am angry at my mother-in-law, but I pardon her because she is a woman without any sense. She always allows her family to do a great many shameful actions. She will know that I was her husband and nothing happens where I am that way that they fear me. Look out for I am going to stay in this corn field. Good-by, good-by all."

The facts proved in regard to the letter prior to its introduction in evidence are as follows: On the morning of the homicide, the defendant called a witness, Sixto Herrera, and handed him an envelope addressed to the justice of the peace of the precinct in which defendant lived, and asked him if he would deliver the letter to the justice of the peace. The witness agreed to do so and testified that the envelope, Exhibit 3, was the envelope delivered to him by the defendant. He testified that he delivered the envelope to the justice of the peace. Another witness testified that the writing on the envelope and on Exhibit 4 was the handwriting of defendant, and further that he was acquainted with the defendant's handwriting.

Appellant's contention is that Exhibit 4 was inadmissible because it was not shown to have any connection with the case at bar, in that it neither referred to the deceased by name nor was it shown to have referred to her by any extrinsic evidence. The court properly admitted the exhibit in evidence. It is a general rule that threats made by the defendant accused of murder, to kill some person not definitely designated, especially when made shortly before the commission of the crime to which they may be construed to refer, are admissible in evidence in connection with other explanatory circumstances on proof of the corpus delicti. See cases cited in note to the case of State v. Nelson, 89 Am. St. Rep. 691. Here the circumstances in evidence were sufficient to have warranted the jury in believing that the note was sent to the justice of the peace on the morning immediately preceding the homicide, and the weight to be given to the evidence was for the jury. See, also, 13 R. C. L. 924.

[4] The fourth proposition urged by the appellant is that the court erred in refusing to instruct the jury that the presumption of innocence was evidence in favor of the accused. Appellee cites certain instructions of the court which he says instructed the jury that they were to determine the guilt or innocence of the defendant from the evidence. But it is not contended that these instructions are erroneous, but he submits them for the purpose of showing that the court nowhere informed the jury that the presumption of innocence should be considered as a part of the evidence. The court gave to the jury the following instruction:

"The defendant is presumed by the law to be innocent, and that presumption remains with him until his guilt is established by the evidence beyond a reasonable doubt of the offense charged against him, and it devolved upon the state to establish the guilt of the defendant beyond a reasonable doubt before you would be warranted in depriving the defendant of the benefit of this presumption or find him guilty."

This instruction, we believe, fully stated the law in this regard.

[5] The court in the first paragraph of instruction No. 19 instructed the jury as follows:

"If you believe from the evidence beyond a reasonable doubt that each and every one of the material allegations of the indictment as above defined have been established by the evidence and beyond a reasonable doubt, and that the defendant was neither justified nor excusable, as hereinafter defined, you should find the defendant guilty of murder in the first degree."

The objection to this instruction is that the judge instructed the jury to find the defendant guilty of murder in the first degree if satisfied of his guilt beyond a reasonable doubt, without taking into consideration the fact of the possible insanity of the defendant. The court in the twenty-fourth instruction properly instructed the jury as to justifiable homicide. In the twenty-fifth instruction the jury was told when homicide is excusable. The next instruction is as follows:

"I further charge you that if, at the time of the alleged

State v. Martinez, 25 N. M. 328.

killing, the defendant was insane, he cannot be convicted in this case."

And it is conceded that the remaining instructions upon the subject of homicide were proper.

Appellant argues that under the nineteenth instruction the jury would have been required to find the defendant guilty, even though it found him to be insane, because the killing of another by an insane person would be neither excusable nor justifiable. A similar question was considered by the Supreme Court of Illinois in the case of Upstone v. People, 109 Ill. 169. The court said:

"It is objected to this that it tells the jury they must convict the defendant of murder or manslaughter. We do not so read the instruction. It left the jury free to acquit, if there were circumstances which excused or justified the act. It is further said the instruction ignores the question of the insanity of the defendant. We do not think so. The instruction recognizes there might be an excuse for the act, and instructions for the defendant abundantly informed the jury that insanity would be a defense, which the jury would take to be an excuse. It does not matter what may be the technical meaning of excusable, but how the jury would understand it, and whatever was a defense they would understand as a matter of excuse."

We believe that the jury under the instructions given by the court would understand and take insanity to be an excuse, and that the jury was not misled in the matter.

It is lastly urged that the trial court must grant a new trial, unless satisfied with the verdict, and that it would be impossible for the court to intelligently pass upon the evidence if he had not heard all of it; but the record before the court does not show that any part of the evidence was taken in the absence of the court, and for this reason this point requires no further consideration.

For the reasons stated, the judgment of the district court will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.