1. As bearing on the issue of criminally and recklessly driving an automobile in violation of the Code, §§ 68-9919, testimony that "the boys [defendants] had been drinking but were not drunk. I did not say that they were under the influence of liquor," was competent to prove the circumstances from which the jury could determine the conditions, movements, and conduct of the defendants at the time of the alleged reckless driving. The admission of the testimony was not erroneous on the ground that it put the defendant's character in issue.
2. Where two defendants, under separate accusations, were by consent being tried at the same time for recklessly driving an automobile, and they were both in the automobile at the time of the alleged criminal act, and the judge in his original instructions charged the jury that they could find only one of the defendants guilty, but did not instruct them on the rule of law "no accessories" in misdemeanor cases, but upon a request from the jury recharged in effect that if a defendant was guilty at all in the misdemeanor case on trial he would be guilty as a principal in the first degree, and that in misdemeanor there is no such thing as principal in the second degree, or accessories (Lewis v. State, 33 Ga. 132, 134), under the facts of this case we do not think the instructions excepted to misled the jury, in that they were contradictory. 1 Reid's Branson on Instructions to Juries, 387 (71), § 138.
3. The general grounds are not mentioned or argued by the plaintiff in error, and are treated as abandoned.
 DECIDED JANUARY 28, 1943.
1. In a trial for recklessly driving an automobile the court did not err in allowing a witness, Paschall, to testify: "The boys had been drinking but they were not drunk. I did not say that they were under the influence of liquor," over the objection that this was placing the defendant's character in issue, that *Page 800 
the testimony was irrelevant in that the defendant was not charged with driving an automobile while intoxicated, but was charged (a) with driving at an excessive rate of speed, and (b) in a reckless manner. We think the testimony was competent, as bearing on the issue of reckless driving, to prove all the circumstances at the time of the alleged criminal act, including the condition, movements, and the conduct of the defendant. The defendant's condition, together with his movements and conduct at the time of the alleged criminal act, was a circumstance of such a character, which, when taken in connection with other circumstances according to the common course of events, tended to establish the truth of the matter in issue and was relevant. There was other evidence that the car "zigzagged" from one side of the street to the other, and at times went eighty-five miles per hour. The evidence was not subject to the objection that it came within the rule that the State can not attack the defendant's character unless, or until, he first puts it in issue. The exception is not meritorious.
2. Walter C. Huff was charged in an accusation on two counts, the first for operating an automobile on a public highway at a rate of speed exceeding fifty-five miles per hour in violation of Code § 68-301, a misdemeanor, and the second for operating an automobile on a public highway "in such a manner as to be in wilful and wanton disregard of the safety of persons and property," in violation of Code § 68-9919, a misdemeanor. There was a like accusation charging Guy F. Waller at the same time and place, while riding in the same automobile, with a violation of the same sections. By consent of counsel the two cases were tried at the same time. The judge, in his original charge, instructed the jury as follows: "I charge you however, gentlemen, that both of these defendants could not be guilty of this offense. You must make up your minds which one of them is guilty and which one is not guilty." He did not charge the rule of "no accessories" in misdemeanor cases. Thomas v. State, 65 Ga. App. 749 (16 S.E.2d 447). However, after the jury began their deliberations, they returned to the court room and asked the court: "Will you charge us again on the form of our verdict that would be aiding and abetting, guilty or not guilty?" Whereupon the court charged them upon the rule of law that if the defendants were guilty at all they were all principals in the first degree; that in misdemeanors *Page 801 
there is no such thing as principals in the second degree or accessories. There is no assignment of error that he did not charge this rule correctly. A charge and a recharge should be considered together, and when so considered the judge in the instant case charged a correct abstract principle of law with reference to principals in misdemeanor cases. Thomas v.State, supra; Loeb v. State, 6 Ga. App. 23 (1a), 30 (64 S.E. 338). There is no contention that the excerpts excepted to were not correct principles of law, or that some phases of the evidence did not authorize such instructions.
There was no evidence that the defendant Waller was doing the actual driving of the automobile (was the actual perpetrator of the alleged unlawful act), but there was evidence that both defendants were riding in the car at the time and place the officer claimed it was being driven in an unlawful manner, (a) at a rate of speed in excess of fifty-five miles per hour, and (b) in a reckless manner. The jury were authorized to find, under one phase of the evidence and the defendant's statement to the jury, that the car belonged to Huff; that it was being driven in violation of the Code sections, supra; and that Huff was taking Waller to his home. Thus the instruction that there are no accessories in misdemeanor cases, but, if guilty at all, those involved are principals in the first degree, and the instruction that the jury could not find both of the defendants guilty but must determine which one was guilty and which one was not guilty, were not contradictory in that, under one phase of the evidence and the defendant's statement, the charge as given was pertinent, and the jury would have been authorized, in a misdemeanor case under this correct instruction, to find Huff guilty on both counts and acquit Waller. On the other hand, if the jury had found Huff not guilty, irrespective of what verdict they rendered in Waller's case, Huff would not have been harmed by the instructions. The record does not disclose what the verdict was in the Waller case, and we must therefore presume it was a correct verdict.
The explanatory instruction given in the recharge, when construed with the original charge, could not have misled the jury as to Huff, whose case is now under consideration. No reversible error appears for any reason assigned.
Judgment affirmed. Broyles, C. J., and Gardner, J., concur. *Page 802