466 P.2d 116

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Donald Glenn HENDERSON, Defendant-Appellant.**

**No. 385.**

Court of Appeals of New Mexico.

Feb. 13, 1970.

———◆———

Glenn B. Neumeyer, Sosa, Garza & Neumeyer, Las Cruces, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, F. Stephen Boone, Asst. Atty. Gen., for appellee.

OPINION

OMAN, Judge.

Defendant was charged and convicted of unlawfully selling and of unlawfully furnishing or giving away marijuana in violation of § 54–7–14, N.M.S.A. 1953 (Repl. 8, pt. 2). He was sentenced on each count pursuant to § 54–7–15(A), N.M.S.A. 1953 (Repl. 8, pt. 2). Subsequently he was charged by amended information as a second offender under § 54–7–15(B), N.M.S.A. 1953 (Repl. 8, pt. 2). Section 54–7–15, N.M.S.A. 1953 (Repl. 8, pt. 2) was amended in 1969, but the amendments thereof are not here involved. See § 54–7–15, N.M.S.A. 1953 (Repl. 8, pt. 2, Supp.1969).

Defendant appeared for arraignment on the amended information and admitted his identity and prior conviction in California. The court thereupon adjudged him guilty and imposed sentence pursuant to the sentencing provision of § 54–7–15(B), supra, and ordered that this sentence should run concurrently with the sentences imposed for unlawfully selling and unlawfully furnishing or giving away marijuana.

Defendant appeals from the judgments of conviction and from the sentences imposed. He relies upon four separate points for reversal. We are of the opinion that

reversal is required because of the error asserted in the first point, and shall confine this opinion thereto. We need not and do not pass upon the other claimed errors.

Under his first point defendant asserts error on the part of the trial court in failing " * * * to instruct the jury that [he] was presumed to be innocent and that this presumption remained with him throughout the trial until his guilt of the crime charged was established beyond a reasonable doubt."

The record shows the first requested jury instruction submitted by defendant was as follows:

"The plea of not guilty interposed by the defendant imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, as under the law a defendant is presumed to be innocent and that presumption of innocence remains with him throughout the trial until his guilt of the crime charged is established by the evidence beyond a reasonable doubt."

The State concedes this is a proper instruction and that it was apparently tendered to the trial court, since it does appear in the record.

Section 41–11–16 N.M.S.A. 1953 (Repl. 6) provides as follows:

"For the preservation of any error in the charge, objection must be made or exception taken to any instruction given: or, in case of a failure to instruct on any point of law, a correct instruction must be tendered, before retirement of the jury. * * *"

As already stated, it is conceded that the instruction in question is a correct statement of the law and was properly tendered. However, the State argues that the tendered instruction concerns itself with three different elements or principles, to wit, (1) the burden upon the State to produce evidence of defendant's guilt; (2) the burden of establishing defendant's guilt beyond a reasonable doubt; and (3) the presumption of innocence. Since the court did instruct the jury on the State's burden to produce evidence and to establish defendant's guilt beyond a reasonable doubt, the State contends defendant had the burden of specifically pointing out to the court its failure to instruct on the presumption of innocence. The State relies upon the following language in State v. Compton, 57 N.M. 227, 257 P.2d 915 (1953) as support for this position:

"We believe the correct interpretation of Rule 70–108, [presently § 41–11–16, N.M.S.A. 1953] supra, is that where the court has not instructed on the subject it is sufficient to preserve the error if a correct instruction is tendered. But, where the court has instructed erroneously on the subject, although a correct instruction has been tendered on the point, if it leaves it doubtful whether the trial judge's mind was actually alerted thereby to the defect sought to be corrected by the requested instruction, the error is not preserved unless, in addition, the specific vice in the instruction given is pointed out to the trial court by proper objection thereto."

The difficulty here is not that the court erroneously instructed on the presumption of innocence, but that it wholly failed to instruct thereon.

We do not mean to suggest an attorney may combine in a single instruction a number of points or principles of law upon which the jury should be instructed, and then properly remain silent knowing that the court, in covering these matters in its instructions, has overlooked or inadvertently omitted an essential element. However, in this case defendant's requested Instruction No. 1 is clearly and primarily directed toward the presumption of innocence, and no instruction on this presumption was given. It may have been overlooked by the court, but we cannot speculate as to matters outside the record. See General Services Corp. v. Board of Com'rs., 75 N.M. 550, 408 P.2d 51 (1965); State v. Lindsey 81 N.M. 173, 464 P.2d 903, decided December 5, 1969. We are limited

to a consideration of what appears in the record before us. Federal National Mortgage Ass'n v. Rose Realty, Inc., 79 N.M. 281, 442 P.2d 593 (1968); State v. Upton, 60 N.M. 205, 290 P.2d 440 (1955).

The State also urges error was not committed in failing to instruct on the presumption of innocence, since the court, in four other instructions, charged the jury regarding the burden of the State to establish the guilt of defendant beyond a reasonable doubt.

 In a criminal prosecution defendant is presumed to be innocent, and this presumption remains with him until his guilt is established by the evidence beyond a reasonable doubt. State v. Sanders, 54 N. M. 369, 225 P.2d 150 (1950); State v. Martinez, 25 N.M. 328, 182 P. 868 (1919); 1 Herrick, Underhill's Criminal Evidence § 41 (5th Ed. 1956); [hereinafter cited as Underhill]; 1 Anderson, Wharton's Criminal Evidence § 93 (12th Ed. 1955) [hereinafter cited as Wharton]. The authorities are divided on the question of whether the presumption of innocence is evidence. The general or majority view, which appears to be the better reasoned, is that it is not evidence. 9 Wigmore, Evidence § 2511 at 407, 409–412 (1940) [hereinafter cited as Wigmore]; 1 Wharton, supra, § 94; 1 Underhill, supra, § 40. See Territory v. Baca, 11 N.M. 559, 71 P. 460 (1903), in which it was stated: "The presumption of innocence is a matter of evidence in favor of the defendant and continues throughout the trial until he shall have been found guilty by the evidence beyond a reasonable doubt. * * *"

However, regardless of which view is taken as to the nature of the presumption, it is a cardinal principle which has special significance in criminal cases because of the nature of these proceedings. 9 Wigmore, supra, § 2511 at 406–409; 1 Underhill, supra, §§ 41, 42; 1 Wharton, supra, §§ 93, 94. It is error to fail to instruct the jury on this presumption of innocence, if defendant requests an instruction thereon. 1 Wharton, supra, § 93 at 189; 1 Underhill, supra, § 40 at 59. Here the defendant requested such an instruction.

The judgments of conviction should be reversed, the sentences vacated and set aside, and the cause remanded for a new trial.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.