485 P.2d 976

**Harry DEE and Bonnie Dee, Plaintiffs-Appellants,**

v.

**Floyd Elgin BUFORD and Corina Sophie Chavez, Defendants-Appellees.**

**No. 652.**

Court of Appeals of New Mexico.

May 28, 1971.

Tibo J. Chavez, Chavez & Cowper, Belen, for appellants.

LeRoi Farlow, Albuquerque, for appellee Buford.

G. Thomas Harris, III, Oldaker & Oldaker, Albuquerque, for appellee Chavez.

OPINION

SPIESS, Chief Judge.

The plaintiffs, Harry Dee and Bonnie J. Dee, allegedly sustained damages by reason of personal injury in an automobile accident. At the time of the accident they were riding as guests in an automobile operated by the defendant, Buford. Summary judgment was granted upon Buford's motion,

through which he invoked the Guest Statute, § 64–24–1, N.M.S.A.1953 (Repl.Vol. 9, p. 2). Plaintiffs' appeal followed.

Under the Guest Statute the host would be liable to his guest passenger only if the accident was caused intentionally by the host, or by operation of his vehicle in heedlessness or reckless disregard of the rights of others.

Plaintiffs' position, in substance, is that the trial court erred in granting summary judgment because there were present material issues of fact supporting liability under the language of the Guest Statute. It has repeatedly been held that issues of fact may not be decided on motion for summary judgment. Evidence before the trial court when ruling upon the motion, viewed in the aspect most favorable toward plaintiff, discloses the following:

Plaintiffs and their children were en route to Phoenix, Arizona. Due to car trouble they were delayed at Socorro, New Mexico. Plaintiffs met defendant, Buford, at a lounge in Socorro and asked that he direct them to a junk car lot where they might purchase a used transmission for the repair of their automobile. Buford undertook to direct plaintiffs to a lot, and, being unable to give adequate directions, offered to drive them there in his own car. Plaintiffs accompanied Buford in his car to the lot. Upon returning, Buford intended to stop at the lounge where the parties had met, but plaintiff, Harry Dee, told Buford that they would rather go back to their car. Buford then proceeded in a northerly direction to an intersection in order to make a U turn so as to return plaintiffs to their car. The accident occurred as a result of a collision with an oncoming car as Buford was making the U turn. Describing the accident, the plaintiff, Harry Dee, testified:

"A Well, Mr. Buford pulled away from the curb, went over to the left-hand side of the street, and got over in his right lane to make his turn, and slowed down to make his turn, and pulled over. He started his turn. There was another car coming from the north, going south, a red one, a Chevy. And I figured Mr. Buford was going to stop and I figured this Chevy was going to slow down, at least when he seen Mr. Buford wasn't going to stop, and neither one of them stopped, and Mr. Buford got hit." ·

This plaintiff further testified that he had first seen the oncoming car " * * * [a]bout three-fourths of a block away * * * " and upon being asked where the collision occurred he testified

"Well, Mr. Buford was right in her lane when she hit him, and he hadn't stopped, and she just went into the door on my side, the passenger door."

We quote the following further testimony of this plaintiff.

"Question: Now, Mr. Dee, directing your attention again to just before the accident happened, when you first saw this red car coming toward you, did you say anything to Mr. Buford?

Answer: I said, 'Hold it.' That's what I said.

Question: This was before the impact?

Answer: This was before the impact, yes.

Question: Was this before he began making his turn, that you said this?

Answer: Just started to make his turn and I seen the other automobile coming.

Question: And you said, 'Hold it'?

Answer: Yes."

No contention was made that the accident was intentional. Plaintiffs argue that the facts before the court in considering the motion for summary judgment, together with inferences reasonably deducible therefrom present a showing that the accident was caused by Buford's heedlessness, or reckless disregard of rights of others.

The evidence does disclose a failure on Buford's part to look to the north for approaching vehicles, a failure to yield the right of way, and a failure to heed a warn-

ing. Unquestionably, this evidence would support a finding of simple negligence. Simple negligence, however, will not support liability under the Guest Statute.

We considered the quality of negligence essential to impose liability under the Guest Statute in Forsyth v. Joseph, 80 N.M. 27, 450 P.2d 627 (Ct.App.1968), and there, upon substantial authority, said:

"Our Guest Statute has been interpreted on many occasions and applied to many different factual situations. On the basis of the facts, it is difficult to reconcile the results in all cases. However, the words 'heedlessness or a reckless disregard of the rights of others,' have a rather well-defined meaning under our Guest Statute. This meaning contemplates something other than and different from negligence, and contemplates culpability arising from conduct which is motivated by a particular state of mind. This particular state of mind is one of utter irresponsibility or conscious abandonment of any consideration for the safety of guest passengers."

We hold that the facts before the trial court upon the motion for summary judgment, taken in the light most favorable to the plaintiffs, even when considered cumulatively, disclose that there is no substantial evidence of the state of mind or quality of negligence required by the Guest Statute. See Forsyth v. Joseph, supra, and authorities referred to therein.

◼ The plaintiffs appear also to argue that an issue of fact as to Buford's intoxication was present, which would preclude summary judgment. We do not determine the effect of such issue under the Guest Statute because, in our opinion, the record does not disclose its presence. While the record discloses the consumption of beer by Buford, there is no evidence of intoxication on his part. Plaintiff, Harry Dee, upon being questioned, testified that Buford did not appear to be intoxicated.

In our opinion, the action of the trial court in awarding summary judgment in favor of defendant, Buford, was proper and the same is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.