488 P.2d 120

Samuel T. VALENCIA, Plaintiff-Appellant,

v.

Donald Eugene DIXON and Paul Dixon, Defendants-Appellees.

No. 645.

Court of Appeals of New Mexico.

July 16, 1971.

Certiorari Denied Aug. 23, 1971.

Jack L. Love, John V. Coan, Albuquerque, for appellant.

James T. Roach, Eugene E. Klecan, Albuquerque, for appellees.

## OPINION

SUTIN, Judge.

This is an appeal from a directed verdict in favor of the Dixons in an automobile guest case accident.

We reverse.

The defendant, Donald Eugene Dixon, called Gene, owned a 1964 Pontiac. Gene and Valencia were personal friends. On May 19, 1968, at 3:00 a. m., Gene was driving Valencia and another passenger from San Mateo to Grants, New Mexico, on State Road 53. About 18 miles south of San Mateo, Gene was driving 80 to 90 miles per hour in a 55 mile per hour zone. Valencia was asleep at the time of the accident. Gene was familiar with the highway and with the curve where the accident occurred. He knew that the curve was a "tricky" and "mean" curve. Shortly before the accident, Gene jerked the car to the right. It fishtailed. It went off the road, came back on and then went off again. It hit a bank and flipped upright on its wheels. It left over 400 feet of pressure marks on the highway, indicating a shifting of the weight of the car. It ended up in a bar ditch. Instead of making the curve, Gene was going straight, overshooting the curve, when he noticed his mistake. Valencia was injured. Shortly after the accident, Gene smelled of alcohol and he was charged with driving while intoxicated and reckless driving.

Gene knew there had been many accidents on this road and quite a number at the curve where this accident happened. Gene believed he was in a "trucker's trance," meaning he was awake, but he was hypnotized by the highway. He had been up since around 7:00 a. m. the previous morning, a period of about 20 hours.

There was no evidence the lights of Gene's car were on. Since no argument on this fact was made, it is presumed the lights were turned on prior to the accident.

A part of Gene's deposition was offered in evidence. He was asked: "If you pled guilty to reckless driving, you can answer yes or no." Gene answered: "To reckless driving, yes."

This admission creates the vital question. Does a plea of guilty to reckless driving create an issue of fact for the jury within the meaning of the guest statute, § 64–24–1, N.M.S.A.1953 (Repl.Vol. 9, pt. 2)?

Under the guest statute, if the accident caused by Gene was intentional "or caused by his heedlessness or reckless disregard of the rights of" Valencia, then Valencia has a cause of action for damages against Gene.

We have just held that a plea of guilty to reckless driving supports a finding of willful and wanton misconduct which is a prerequisite to an award of punitive damages. Svejcara v. Whitman (Ct.App.), 82 N.M. 739, 487 P.2d 167, decided June 18, 1971.

We do not determine whether Gene was heedless or reckless in operating his vehicle. Our function is to decide whether the evidence is such that an inference of heedlessness or recklessness may be fairly drawn from the evidence most favorable to Valencia, whether the evidence is contradicted, explained, or not.

Reckless driving is defined in § 64–22–3 (a), N.M.S.A.1953 (Repl.Vol. 9, pt. 2), as follows:

> Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safe-

ty of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, is guilty of reckless driving.

■ Gene pleaded guilty to this offense. Gene's plea of guilty was admissible in evidence. Vargas v. Clauser, 62 N.M. 405, 311 P.2d 381 (1957). His admission describes the mental state with which his driving was done. In Simon v. Wilson, 78 N.M. 491, 432 P.2d 847 (Ct.App.1967), the defendant "was cited for either reckless or careless driving by the Albuquerque City Police, and he pleaded guilty and paid a fine." The importance of this plea of guilty was not discussed by the court in affirming summary judgment for the defendant. However, the above language is not an admission of a plea of guilty to reckless driving.

Gene relies on Berlin v. Berens, 76 S.D. 429, 80 N.W.2d 79 (1957). This was a guest case in which the defendant pleaded guilty to a criminal charge of reckless driving and speeding arising out of the accident involved in the civil lawsuit. However, the reckless driving statute stated the offense in the alternative, whereas our statute does not. Its guest statute also differs in language from our guest statute. The court also stated:

> Where a plea of guilty is admitted as substantive evidence in civil litigation involving the same occurrence it is not conclusive and may be explained. [Citing cases]. It is received as an admission against interest. The theory behind this being that it is an admission of the acts charged against him.

■ A plea of guilty to reckless driving, together with all of the other facts and circumstances, creates an issue of fact for the jury to determine whether the accident was caused by Gene's heedlessness or his reckless disregard of the rights of Valencia. The reason is that it provides substantial evidence of Gene's state of mind. His plea of guilty admits that he drove his vehicle "heedlessly in willful or wanton disregard of the rights or safety of others. * * *" This falls within the "unless" clause of the guest statute. Compare Svejcara v. Whitman, supra.

Martin v. Cafer, 258 Iowa 176, 138 N.W. 2d 71 (1965), overruled a previous case. It established that a plea of guilty to reckless driving "admits conduct that is admissible to show one or more of the elements or pieces of evidence relevant and material to proof of recklessness under the guest statute."

■ Gene's plea of guilty is not conclusive evidence of heedlessness or reckless disregard in this civil action. It is an admission, subject to explanation and contradictions, and is to be weighed and considered by the jury in connection with all other evidence in the case to determine whether Gene comes within the "unless" clause of the guest statute. Garvin v. Hudson, 76 N.M. 403, 415 P.2d 369 (1966); Michael v. Bauman, 76 N.M. 225, 413 P. 2d 888 (1966); Ward v. Ares, 29 N.M. 418, 223 P. 766 (1924); Lyons v. Kitchell, 18 N.M. 82, 91, 134 P. 213 (1913).

■ The factor which distinguishes negligence from heedlessness or reckless disregard is a particular state of mind. To be heedless or reckless, evidence must show that this particular state of mind is one of utter irresponsibility or conscious abandonment of any consideration for the safety of guest passengers. Forsyth v. Joseph, 80 N.M. 27, 450 P.2d 627 (Ct.App.1968). If the plaintiff cannot from the evidence, create at least an inference of this state of mind, negligence will remain negligence, and the guest statute will be an effective bar against a claim of damages. In the instant case, the plea of guilty to reckless driving permits an inference to be drawn that Gene's state of mind was sufficient for liability under the guest statute and motivated his conduct in operating the vehicle.

The judgment is reversed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.