504 P.2d 26

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry Ray HERROD, Defendant-Appellant.**

**No. 985.**

Court of Appeals of New Mexico.

Nov. 22, 1972.

Frederick J. McCarthy, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was indicted on two counts: unlawful taking of a vehicle without the consent of the owner, § 64–9–4, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2); and, unlawful possession of a vehicle knowing the same had been stolen or unlawfully taken, § 64–9–5, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). The first count was dismissed and defendant was convicted on the second. He appeals, claiming three points of error: (1) the indictment is fatally defective because it does not charge defendant with any crime known at common law or defined by New Mexico statute; (2) there is no basis in the testimony for the jury to find criminal intent; (3) that § 64–9–4, supra, is unconstitutionally vague.

Since the first count was dismissed we will consider only the sufficiency of Count II.

Section 41–6–7, N.M.S.A.1953 (2d Repl.Vol. 6) prescribes the necessary elements for a valid indictment.

"(1) The indictment . . . is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one [1] or more of the following ways:

(a) By using the name given to the offense by the common law or by a statute.

(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

(2) The indictment . . . may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment . . . regard shall be had to such reference."

The indictment reads as follows: "The March, 1972 Grand Jury in and for Valencia County accused Jerry Ray Herrod, of unlawful possession of a vehicle contrary to § 64–9–5, N.M.S.A.1953, as amended, and charges that: Count II: On or about the 2nd day of February, 1972, in the County of Valencia, State of New Mexico, the said Jerry Ray Herrod did have in his possession a 1969 Falcon identification #9K12T188088, and license #26–5726, knowing the same had been stolen or unlawfully taken."

"The purpose of a criminal information is to furnish the accused with such a de-

scription of the charge against him as will enable him to make a defense and to make his conviction or acquittal res judicata against a subsequent prosecution for the same offense, and to give the court reasonable information as to the nature and character of the crime charged." State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963).

Defendant's first point of error is without merit. The indictment is valid and sufficient because the indictment refers to the statute creating the offense and also charges the offense in terms of the statutory language. State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969)

 Defendant's second point of error pertains to the crime charged in the first count of the indictment. Since the first count was dismissed, this point will not be considered. Appellate courts do not give advisory opinions. Bell Telephone Laboratories v. Bureau of Revenue, 78 N. M. 78, 428 P.2d 617 (1966).

 Defendant's third point that § 64–9–4, supra, is unconstitutionally vague also pertains to the first count. Only persons whose rights have been adversely affected or are in danger of being adversely affected have standing to challenge the constitutionality of a statute. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Kasakoff, 84 N.M. 404, 503 P.2d 1182 (Ct.App.), decided November 3, 1972. We affirm.

It is so ordered.

WOOD and COWAN, JJ., concur.