532 P.2d 207

Dennis **MARTINEZ,** Plaintiff-Appellee,

v.

**EARTH RESOURCES COMPANY,** Employer, and **United States Fidelity and Guaranty Company,** Insurer, Defendants-Appellants.

No. 1515.

Court of Appeals of New Mexico.

Feb. 12, 1975.

William K. Stratvert, Keleher & Mc-Leod, Albuquerque, for defendants-appellants.

Matias L. Chacon, Espanola, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendants appeal from a workmen's compensation judgment in favor of plaintiff. We affirm.

The trial court found that plaintiff was totally disabled as the result of injuries sustained while plaintiff was performing

services arising out of and in the course of his employment. The court found, "[t]hat the testimony with regards to the intoxication of the Plaintiff at the time of the accident is conflicting, there is no evidence that anyone saw the [Plaintiff] consuming any intoxicating liquors and therefore the Defendants have failed to meet the burden of proof and prove that the Plaintiff was actually intoxicated at the time of the accident and that the said intoxication was the cause of the injury"; and "[t]hat the Defendants' defense of reckless driving as to speed was not within the compounds of the Workmen's Compensation laws so as to deprive him of Workmen's Compensation." These findings avoided noncompensability under § 59–10–8, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1).

 On the basis of the above findings, defendants claim the trial court applied incorrect legal standards. We disagree. The problem arises because of plaintiff's inartful drafting of findings to carry out the rulings of the trial court. In this situation the applicable rule is that we construe the findings liberally to support the judgment. Casados v. Montgomery Ward & Co., 78 N.M. 392, 432 P.2d 103 (1967).

(1) Defendants challenge the court's findings on intoxication. We have reviewed the record and conclude that there was substantial evidence to support the trial court's findings that plaintiff was not intoxicated at the time of the accident. We are bound by this finding. Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P.2d 602 (1950).

(2) Defendants challenge the trial court's finding on reckless driving. Plaintiff pleaded guilty to reckless driving. Defendants claim that this plea can be transposed into willful conduct which barred recovery under § 59–10–8, supra. A plea of guilty to reckless driving is not conclusive evidence of willful conduct. It is an admission subject to explanation and if explained becomes an issue of fact. Valencia v. Dixon, 83 N.M. 70, 488 P.2d 120 (Ct. App.1971).

The trial court found that the "Plaintiff did what he thought was best in his judgment, when he thought he heard water dripping in the premises of the employer and was justified in taking the truck of the employer to notify the foreman of the water leak and at the time of the accident wherein the said Plaintiff was injured he was within the scope of his employment and was acting in apparent emergency and without deserting his employment, he did what he thought was necessary for the purpose of advancing the work in which he was engaged in and the interest of his employer."

This finding is supported by substantial evidence. It was a sufficient explanation to create an issue of fact on reckless driving for the trial court to determine. It ruled that plaintiff was not guilty of willful misconduct.

Plaintiff is awarded $1,500 in attorney fees for this appeal.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.