539 P.2d 1029

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Robert SANDOVAL, Defendant-Appellant.**

**No. 1841.**

Court of Appeals of New Mexico.

July 30, 1975.

Rehearing Denied Aug. 20, 1975.

James K. Ribe, Zamora, Ribe & Rael, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Mark Shoesmith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of homicide by vehicle while driving recklessly contrary to §§ 64–22–1 and 64–22–3, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972), defendant appeals. Defendant assigns many points for reversal, some of which are briefed in accordance with Rule 9 of the Rules Governing Appeals, § 21–12–9, N.M.S.A.1953 (Int.Supp.1974), and some of which are not. We dispose of the points in the order that they are raised and affirm.

Defendant first contends that the trial court erred in admitting evidence that defendant had been drinking before the accident because it was never shown that defendant was intoxicated nor that his driving ability was impaired. The rule in criminal cases in New Mexico is that evidence of intoxication is but a circumstance to be considered by the jury in deciding the issue of reckless driving. *State v. Sisneros,* 42 N.M. 500, 82 P.2d 274 (1938). Yet defendant contends that the only evidence bearing at all on the issue of intoxication was in the testimony of an attendant at a garage at which defendant fixed a flat tire about an hour before the accident. He testified that he had seen defendant and another drinking from a quart bottle of beer. He actually saw the defendant take only one sip.

■ Evidence of intoxication need not be sufficient to support a conviction for driving while under the influence contrary to § 64–22–2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972). *State v. Sisneros,* supra. Therefore the question becomes how close the evidence of intoxication has to come to being sufficient for a conviction under § 64–22–2, supra, in order to be admissible in a prosecution for violation of § 64–22–3, supra. In our opinion, any evidence of drinking is relevant as a circumstance for the jury to consider on the issue of reckless driving. See *State v. Loyland,* 149 N. W.2d 713 (N.D.1967); *Huff v. State,* 68 Ga.App. 799, 24 S.E.2d 227 (1943). Of course, evidence that a defendant took one drink of beer and then was in an accident would be insufficient to support a conviction. But common sense and common knowledge teaches us that drinking and driving do not mix. Evidence of drinking does have a tendency to make the existence of carelessness or lack of due caution more probable than it would be without the evidence. See R.Evid. 401, § 20–4–401, N.M. S.A.1953 (Repl. Vol. 4, 1970, Supp.1973). Thus evidence of drinking is relevant and is but one circumstance to consider when the prosecution is for reckless driving under § 64–22–3, supra.

■ Defendant secondly contends that the trial court erred in admitting evidence of the presence of marijuana seeds in the car that defendant was driving. We do not believe the error, if any, to be properly preserved for review in this instance. The state's attorney, toward the end of the first day of trial, asked an investigating officer whether he saw any contraband in defendant's car. The officer answered, "some marijuana seeds." Defendant objected on the grounds of illegal search. The trial court excused the jury and the matter of search was argued and ruled upon adversely to defendant. The defendant then stated two additional grounds of objection, one of which was that the evidence was irrelevant. The trial court made a preliminary ruling that the evidence was, in fact, irrelevant and that unless the state showed him some law, he would not allow further questioning with respect to the marijuana seeds. Trial was then recessed for the day and when resumed the following day, there was no further mention of the marijuana. Under these circumstances, it was incumbent upon defendant to move to strike the testimony complained of or to have asked for a curative instruction. R.Evid. 103(a)(1), § 20–4–103(a)(1), N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp.1973). He did neither.

■ Defendant thirdly contends that the trial court erred in failing to give two of his requested instructions. These instructions would have precluded the jury from considering the evidence of liquor and marijuana since this was a prosecution based on driving recklessly and not driving while under the influence. Both of the instructions referred to the alcoholic beverages. Both were incorrect statements of the law under *State v. Sisneros, supra.* Since the tendered instructions were erroneous statements of the law, it is not error to fail to give such instructions. *State v. Wilson,* 85 N.M. 552, 514 P.2d 603 (1973).

Defendant next contends that there is insufficient evidence to support his conviction. Specifically he contends that there was no evidence showing a wilful and wanton disregard of the rights or safety of others. Defendant does not argue that the sufficiency of the evidence for a conviction under §§ 64–22–1 and 64–22–3, supra, is a question of first impression in New Mexico. He seems to recognize that the quantum of proof required for such a conviction would be similar to that required for a conviction of involuntary manslaughter under prior law. See *State v. Romero,* 69 N.M. 187, 365 P.2d 58 (1961); *State v. Rice,* 58 N.M. 205, 269 P.2d 751 (1954); *State v. Turney,* 41 N.M. 150, 65 P.2d 869 (1937). Rather, defendant contends that the facts of his case are not in any way analogous to the facts of the previous cases in which convictions have been upheld.

■ The sum of the evidence in the instant case was that at the precise time of the accident, defendant was travelling at a speed in excess of the legal limit (approximately 45 m.p.h. in a 30 m.p.h. zone) on the main street of Raton. The decedent's vehicle drove out onto the main street after stopping at a stop sign. Defendant revved up his engine, slammed on his brakes, left 74 feet of skid marks and hit the decedent's vehicle broadside. The main street in Raton is heavily trafficked especially during the summer tourist season during which the accident occurred.

There was abundant evidence from many witnesses that during the hours and minutes immediately preceding the accident, defendant was engaged in showing off a "hot-rod" type vehicle. He was driving up and down the street at high speeds, switching in and out of lanes, straddling lanes, turning corners very rapidly and making illegal U-turns. In addition, defendant would alternately rev up and slow down the engine and attempt to "leave rubber" when he passed young members of the opposite sex walking along the street. He also had been drinking. It is our opinion that this course of conduct shows, without doubt, that defendant was operating his vehicle carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others, and without due caution and circumspection and in a manner so as to be likely to endanger persons and property. We accordingly find the evidence sufficient to sustain the conviction.

■ Defendant next contends the trial court erred when it stated it would allow the state to cross-examine him regarding the fact that he did not have permission to drive the car. Defendant did not own the car that he was driving at the time of the accident. The state put on the owner of the car to testify to the car's accessories, power, flashiness and the like. The state also wanted the owner to testify that the defendant was driving the car without his permission. The trial court ruled that it would not allow the state to go into the fact of the stolen car as part of its case in chief but that if defendant took the stand, it would be a proper subject of cross-examination. Defendant ultimately chose not to testify. It is defendant's contention that such evidence would have been irrelevant and highly prejudicial.

Since defendant chose not to take the stand any answer which we would give would of necessity be based on speculation and would be advisory. This court does not give advisory opinions. *Bell Telephone Laboratories v. Bureau of Revenue,* 78 N. M. 78, 428 P.2d 617 (1966); *State v. Her-*

*rod*, 84 N.M. 418, 504 P.2d 26 (Ct.App. 1972).

■ Defendant next contends that the trial court erred in admitting evidence of defendant's driving conduct throughout the entire day of the incident. The accident occurred at approximately three o'clock in the afternoon. The record does not support defendant's contention. The only evidence of driving conduct admitted was that occurring immediately before the mishap and that evidence was admissible under R. Evid. 404(b), § 20-4-404(b), N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp.1973), both to show defendant's mental state and also lack of accident. See *State v. McCallum*, 87 N.M. 459, 535 P.2d 1085 (Ct.App.1975).

■ As part of his statement of proceedings, defendant claims two additional rulings of the trial court to be error. They are the failure to instruct on specific intent and the failure to give five of defendant's requested instructions relating to the proximate cause of decedent's death. However, there is no further mention of either of these allegations of error elsewhere throughout the brief. As these points, if such they be, are neither argued nor supported by authority, they are considered abandoned. *Novak v. Dow*, 82 N. M. 30, 474 P.2d 712 (Ct.App.1970). Further, the last seventeen lines of defendant's brief are devoted to the detailing of some thirty alleged improprieties occurring at trial. Some of these alleged improprieties we have already held not to be error; some were unobjected to; some we entirely fail to find in the record. If, by these lines, defendant is attempting to raise the issue of cumulative or fundamental error under *State v. Vallejos*, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974), it will suffice to say that we have reviewed the record and defendant had a fair trial.

Oral argument in this case is unnecessary. Defendant's conviction is affirmed.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

A. *The admission of "one drink" of beer was prejudicial error.*

"Reckless driving" is defined in § 64–22–3(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2). It reads:

> Any person who drives any vehicle carelessly and heedlessly in willful or wanton disregard of the rights or safety of others *and* without due caution and circumspection *and* at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving. [Emphasis added]

Was "one drink" of beer an hour or more before the fatal accident admissible to prove the charge of homicide by vehicle while violating the statute on reckless driving?

There was no evidence that defendant, at any time, was intoxicated, under the influence of intoxicating liquor, or that his ability to drive was impaired in any way by reason of "one drink" of beer consumed. The "one drink" had no bearing upon reckless driving nor was it relevant to the charge.

The majority opinion relies on the phrase "drinking and driving" in order to justify relevancy. My colleagues look at "one drink" of beer with antagonistic eyes.

Defendant's first contention is that the relevancy of the "one drink" was conditional on a showing that the "one drink" played some causal role in the accident. The majority opinion does not answer this contention. Common sense and common knowledge teaches us that one drink of beer, an hour or more before the fatal accident, in the absence of any other evidence bearing on this issue, played no part in the proximate cause thereof via reckless driving.

The question to decide is: Was the admission of the testimony, over objection, prejudicial error?

*State v. Martin*, 73 Wash.2d 616, 627, 440 P.2d 429, 437 (1968) says:

A prejudicial error may be defined as one which affects or presumptively affects the final results of the trial. *State v. Britton*, supra [27 Wash.2d 336, 178 P.2d 341 (1947)]. When the appellate court is unable to say from the record before it whether the defendant would or would not have been convicted but for the error committed in the trial court, then the error may not be deemed harmless, and the defendant's right to a fair trial requires that the verdict be set aside and that he be granted a new trial. But, where the defendant's guilt is conclusively proven by competent evidence, and no other rational conclusion can be reached except that the defendant is guilty as charged, then the conviction should not be set aside because of unsubstantial errors. 5 Am.Jur.2d Appeal and Error 786 (1962). To determine whether prejudice has resulted, it is necessary that the appellate court examine the entire record. . . .

An examination of the entire record shows that on June 20, 1974, at 3:10 p. m., defendant was driving north on South Second Street in Raton, approaching a right angle intersection with Apache Avenue. South Second Street is the main through street of Raton. The defendant was driving 40 to 45 m. p. h., 10 to 15 m. p. h. in excess of the speed limit. The deceased's car stopped at the stop sign on Apache facing west. He looked both ways, and then crossed the main street in front of defendant's vehicle. The defendant's car hit the driver's side of the deceased's car broadside while defendant was in his left hand northbound lane. Defendant's car left 74 feet of skid marks up to the point of impact.

The only question is: Does driving at a 40 to 45 m. p. h. speed in the left northbound lane of the multi-lane main street conclusively establish defendant's guilt of reckless driving when the deceased's car drove out in front of him? Of course not.

The reckless driving statute requires three elements: (1) driving carelessly and heedlessly in willful or wanton disregard of the rights and safety of others, *and* (2) without due caution and circumspection, *and* (3) at a speed or in a manner so as to endanger or be likely to endanger any person or property. The State must prove each of these elements beyond a reasonable doubt. The defendant is presumed to be innocent, and this presumption remains with him until his guilt is established by the evidence beyond a reasonable doubt. *State v. Henderson,* 81 N.M. 270, 466 P.2d 116 (Ct.App.1970).

Reckless driving consists of driving at an excessive speed on the wrong side of the road in a residential neighborhood. *State v. Richerson,* 87 N.M. 437, 535 P.2d 644 (Ct.App.1975). Cases cited therein cover other similar situations.

Under the guest statute, § 64–24–1, N. M.S.A.1953 (2d Repl.Vol. 9, pt. 2), a guest has a cause of action if the host drives in a heedless or reckless disregard of the rights of others. *Valencia v. Dixon,* 83 N.M. 70, 488 P.2d 120 (Ct.App.1971) holds that the reckless driving statute falls within this portion of the guest statute.

The Supreme Court has consistently held that speed alone is not sufficient to constitute a heedless or reckless disregard of the rights of others. *McGuire v. Pearson,* 78 N.M. 357, 431 P.2d 735 (1967). And where a driver makes a U turn, fails to keep a lookout for approaching vehicles, fails to yield the right of way and fails to heed a warning, he does not act with heedless or reckless disregard of the rights of others. *Dee v. Buford,* 82 N.M. 642, 485 P.2d 976 (Ct.App.1971).

Furthermore, the Supreme Court has said that the standard of culpability under the guest statute is "not different from that required to secure a conviction for involuntary manslaughter". *Amaro v. Moss,*

65 N.M. 373, 376, 337 P.2d 948, 951 (1959); *Valencia v. Strayer,* 73 N.M. 252, 387 P.2d 456 (1963); *McGuire v. Pearson,* supra.

The facts set forth, supra, do not conclusively establish that defendant was guilty of reckless driving.

We must now determine whether the "one drink" evidence was prejudicial error. This depends upon whether we are unable to say from the record that defendant would or would not have been convicted but for the error committed in the trial court.

*Gensemer v. Williams,* 419 F.2d 1361 (3rd Cir. 1970) held that, under Pennsylvania law, the mere fact of drinking intoxicating liquor is inadmissible unless it reasonably establishes a degree of intoxication which proves unfitness to drive; that it is highly prejudicial to hear evidence bearing on the subject where the jury could not reach a finding of intoxication.

*Gilberto v. Nordtvedt,* 1 Ill.App.3d 677, 274 N.E.2d 139 (1971) held, in a civil suit for damages, that "one can of beer" testimony should have been stricken; that the introduction of this irrelevant evidence is cause for reversal only if it results in prejudicing the jury's verdict. The error was not prejudicial because ". . . there was no other reference to drinking in any argument to the jury . . . .."

In the instant case, in closing argument, the State did raise this issue before the jury as follows:

Now, there is evidence here that the defendant was drinking shortly before this wreck. He was drinking from a quart bottle. How much he drank during the afternoon, we don't know for sure, but that fact has been brought into evidence. And if he was drinking from a quart bottle, *we could assume I suppose that he had more than one drink. We all know what drinking does to a driver.* [Emphasis added]

See, *Dominguez v. Albuquerque Bus Co.,* 58 N.M. 562, 273 P.2d 756 (1954) on argument to the jury on inadmissible evidence.

The testimony shows that the vehicle was in a filling station for about ten minutes to have a flat tire repaired. The attendant testified that defendant and Gilbert Martinez were walking around waiting for the repair job; that Gilbert Martinez, not defendant, had a quart bottle of beer. The attendant saw defendant drink once from this bottle, an hour or more before the accident. This was the only evidence of record. The argument of the State on "one drink" was prejudicial error.

The majority opinion follows the argument of the State. It says:

But common sense and common knowledge teaches us that *drinking and driving* do not mix. Evidence of *drinking* does have a tendency to make the existence of carelessness or lack of due caution more probable than it would be without the evidence. [Emphasis added]

My colleagues, in jumping over prejudicial error, did a pole vault without a pole.

Defendant tried to cure this prejudicial error by a requested instruction that the jury "may not consider any evidence pertaining to drinking . . . for any purpose in reaching your verdict." The requested instruction was refused.

I cannot say from the record whether defendant would or would not have been convicted but for the "one drink" error.