492 P.2d 1260

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry E. GREGG, Defendant-Appellant.**

**No. 728.**

Court of Appeals of New Mexico.

Jan. 7, 1972.

Rehearing Denied Jan. 31, 1972.

---

David H. Pearlman, Aldridge & Pearlman, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Prentis. Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Convicted of embezzlement, defendant appeals. Section 40A–16–7, N.M.S.A.1953 (Repl.Vol. 6). The various issues raised. by defendant group into two points. They are: (1) sufficiency of the evidence and (2) the statute applicable under the facts.

*Sufficiency of the evidence.*

There is evidence that: defendant sold a motorcycle to the complaining witness; subsequently, the motorcycle was loaned to defendant; although requested to do so, defendant did not return the motorcycle; defendant sold the motorcycle to a third person. This evidence establishes an embezzlement as defined in § 40A–16–7,. supra, and is substantial. See State v.. Moss, 83 N.M. 42, 487 P.2d 1347 (Ct.App.. 1971). This disposes of defendant's contentions that the State failed to prove that defendant did not have an ownership interest in the motorcycle; that the State proved no more than non-payment of a debt; that the State proved larceny but not. embezzlement; that the conviction is contrary to the weight of the evidence; and. that the failure to direct a verdict of acquittal was fundamental error.

Defendant's basic claim is that the evidence shows a secured transaction; that the complaining witness loaned money and defendant secured the loan with the motorcycle. The evidence is conflicting as to whether the transaction was a sale or a loan. It was for the jury to resolve the conflict. On appeal, we view the evidence and the inferences therefrom in a light most favorable to support the verdict. State v. Sedillo, 82 N.M. 287, 480 P.2d 401 (Ct.App.1971).

Defendant contends his conviction rests on, circumstantial evidence and that the evidence does not meet the requirements of the circumstantial evidence rule. This contention is incorrect. There is direct evidence of the sale, the loan of the motorcycle, the request for its return and the sale to a third party. The only aspect of the proof involving the circumstantial evidence rule is the question of defendant's intent. The evidence of fraudulent intent is defendant's non-compliance with the request to return the motorcycle and defendant's sale of the motorcycle to a third person. See State v. Moss, supra. While this evidence is circumstantial, once the jury determined that defendant had sold the motorcycle to the complaining witness, the circumstantial evidence of intent was inconsistent with any reasonable theory of innocence. State v. Beachum, 82 N.M. 204, 477 P.2d 1019 (Ct.App.1970).

Defendant's claims concerning the sufficiency of the evidence are without merit.

*The applicable statute.*

Defendant asserts his conviction is void because the district court did not have jurisdiction. He asserts his conviction for embezzlement under § 40A–16–7, supra, was under a general statute; that three other statutes specifically applied to the facts of this case. See State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936); State v. McNeece, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971); State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App.1970).

The three statutes, and the reasons they are not applicable, follow.

■ 1. Sale of encumbered property is prohibited by § 40A–16–18, N.M.S.A.1953 (Repl.Vol. 6). This statute would have been applicable if the jury had determined that the dealings between the defendant and the complaining witness amounted to a secured transaction. The jury necessarily determined the dealings did not amount to a secured transaction. Section 40A–16–18, supra, was not applicable under the facts.

■ 2. Fraud is prohibited by § 40A–16–6, N.M.S.A.1953 (Repl.Vol. 6). There must be a ". . . misappropriation or taking . . . by means of fraudulent conduct, practices or representations." There is no evidence of any fraudulent intent on the part of defendant when the motorcycle was loaned to him by the complaining witness. See § 40A–16–7, supra. Section 40A–16–6, supra, was not applicable under the facts.

■ 3. Unlawful taking of a motor vehicle is prohibited by § 64–9–4, N.M.S.A. 1953 (Repl.Vol. 9, pt. 2). This section requires a taking without the consent of the owner of the vehicle. Section 64–9–4, supra, is not applicable because there is substantial evidence that defendant's taking of the motorcycle was by a loan and, thus, with consent.

Section 40A–16–7, supra, was the applicable statute.

The essence of both points—the sufficiency of the evidence and the appropriate statute—is that the facts are as defendant claims them to be. Defendant's presentation of the evidence in the light most favorable to himself is an improper approach. As previously stated, the evidence, on appeal, is to be viewed in the light most favorable to the State. State v. Gonzales, 82 N.M. 388, 482 P.2d 252 (Ct.App.1971).

The judgment and sentence are affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.

SUTIN, J., not participating.