511 P.2d 777

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dorothy Shipman NATION, Defendant-Appellant.**

**No. 1107.**

Court of Appeals of New Mexico.
June 13, 1973.

James M. Maddox, Hobbs, for appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Kegel & McCulloh, Santa Fe, for appellee.

OPINION

WOOD, Chief Judge.

Convicted of forgery and of unlawful possession of a depressant, stimulant or

hallucinogenic drug, defendant appeals. The issues submitted for decision are: (1) sufficiency of the evidence of knowledge and intent on the forgery charge and (2) sufficiency of the evidence of knowledge on the drug charge. A third point, concerning denial of a motion for a new trial, was abandoned at oral argument.

*Forgery knowledge and intent.*

Under § 40A–16–9(B), N.M.S.A.1953 (2d Repl.Vol. 6), forgery consists of "knowingly issuing or transferring a forged writing with intent to injure or defraud."

There is evidence that a physician's signature had been forged on one of his prescription blanks, that defendant presented this forged prescription to a pharmacist and obtained the drug identified in the prescription. Defendant asserts that the evidence was insufficient to show she knowingly transferred a forged prescription and insufficient to show she transferred the forged prescription with an intent to injure or defraud. We disagree.

The forged prescription is dated November 22, 1971. The prescription was presented to the pharmacist on December 11, 1971. The prescription blank was that of a San Juan County physician. The pharmacist was in Lea County. The pharmacist queried defendant about the delay in filling the prescription. According to the pharmacist, defendant stated: "'. . . my doctor gave this to me, because I was going to be out of town. I was going on a trip. He gave me this in case I ran out and needed to get it filled while I was gone. . . .'" The physician testified that he had given defendant a prescription for the same drug on November 20, 1971, and that the supply from this valid prescription would have lasted until the first of the year. The physician did not prescribe the drug on November 22, 1971, the date of the forged prescription.

The evidence that the prescription of November 22, 1971, was forged; that defendant told the pharmacist this prescription had been given to her by her physician; evidence that the physician had not prescribed the drug on November 22, 1971; and that defendant had a supply of the drug from the prescription of November 20, 1971, is substantial evidence that defendant knowingly transferred a forged writing.

For there to be an "intent to defraud," an injury or loss need not have actually resulted. State v. Weber, 76 N.M. 636, 417 P.2d 444 (1966). For such an intent ". . . it is immaterial that no one was in fact deceived, or that the defendant did not intend to or did not make any financial gain. . . ." 2 Wharton's Criminal Law and Procedure § 623 (1957). ". . . It is sufficient if the intent was to defraud . . . any person on whom the counterfeit is passed. . . ." 2 Wharton, supra, § 623.

In this case, there is evidence that defendant passed the forged prescription as one that was genuine and received the drug; that the name on the forged prescription was that of "Mary Hall;" that defendant gave the pharmacist an address for Mary Hall. This is substantial evidence of an intent to defraud. See State v. Booton, 85 Idaho 51, 375 P.2d 536 (1962); compare State v. Gregg, 83 N.M. 397, 492 P.2d 1260 (Ct.App.1972). Specifically, defendant's intent to defraud could be inferred from the foregoing acts and conduct of the defendant. See State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct. App.1971).

Admittedly, there is conflicting evidence. Our review, however, is in the light most favorable to sustain the conviction. State v. Gregg, supra. Where, as here, the evidence on the question of intent is conflicting, and determination of "intent" depended on the credibility of the witnesses, the matter was to be resolved by the jury. Maxey v. Quintana, 84 N.M. 38, 499 P.2d 356 (Ct.App.1972).

*Knowledge under the drug charge.*

Section 54–6–38(B)(3), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1971) provides in part: "No person . . . shall possess

any depressant, stimulant, or hallucinogenic drug unless such drug was obtained upon a valid prescription, and held in the original container in which such drug was delivered. . . ." Section 54–6–51, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1971) provides a penalty for a person who "knowingly violates" § 54–6–38(B)(3), supra.

 Defendant contends that the State ". . . failed to prove knowledge on the part of the defendant that the prescription was forged . . ." and, thus, has failed to prove that defendant knowingly violated § 54–6–38(B)(3), supra. The answer is that there is substantial evidence that defendant knowingly transferred a forged prescription and this evidence is also substantial evidence of knowingly possessing the drug here involved, Eskatrol, by obtaining the drug without a valid prescription.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and LOPEZ, JJ., concur.