516 P.2d 1125

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Amado LOPEZ, Defendant-Appellant.**

No. 1147.

Court of Appeals of New Mexico.

Nov. 21, 1973.

George H. Perez, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Agustin T. Gurule, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted on two counts for fraudulent use of a credit card. Section 40A–16–33, subd. A(3), N.M.S.A.1953 (2d Repl.Vol. 6). He appeals. We affirm.

On November 10, 1971, defendant purchased merchandise from Miller's Ltd. and charged it on an American Express card issued to Ray B. Christianson. Defendant signed the sales slip "Ray B. Christianson". On November 11, 1971, defendant attempted to make additional purchases from the same establishment. When asked for further identification, defendant said he left his driver's license in his car. Defendant left the store ostensibly to get his driver's license. He did not return. The purchases and credit card remained in the store. Christianson died of an apparent heart attack on November 6, 1971, and his wallet was inexplicably missing from his personal effects.

■■ Defendant contends that the admission of testimony of the November 11, 1971 event was erroneous because proof of a distinct criminal offense, independent of the offense with which the accused is being tried, is prejudicial error. See State v. Garcia, 83 N.M. 51, 487 P.2d 1356 (Ct. App.1971). Defendant's contention is answered in State v. Lord, 42 N.M. 638, 651, 84 P.2d 80 (1938). There are several exceptions to the general rule that evidence of offenses and crimes, other than that for which the defendant is on trial, cannot be introduced. Among these exceptions are proof of motive, intent, absence of a mistake or accident, a common scheme or

plan, or the identity of the person charged with the commission of the crime.

The November 11 incident is strong evidence of defendant's intent and his plan. The concurrence of time, place and modus operandi also tends to establish the identity of the accused.

Furthermore, defendant's actions in the November 11 incident aided in establishing his fraudulent intent.

■ Secondly, defendant contends it was error to allow Miller's Ltd. employee, who dealt with defendant, to express his opinion on whether he had reason to believe that defendant intended to defraud Miller's Ltd. Defendant objected because it called for a conclusion and the employee was not an expert witness.

The defendant's objection was valid and his motion should have been sustained. It was within the province of the jury to draw inferences and form opinions. There are certain situations where a non-expert opinion can be received. This was not one of them. See State v. Cooley, 19 N.M. 91, 140 P. 111, 52 L.R.A. (N.S.) 230 (1914); Bunton v. Hull, 51 N.M. 5, 177 P.2d 168 (1947); Rule 701, Supreme Court Rules of Evidence. However, this error was not prejudicial. Considering the strong evidence in this record, there was no reasonable probability that the layman's opinion contributed to defendant's conviction. The substantial rights of the defendant were not affected. Section 21–2–1(17)(10), N. M.S.A.1953 (Repl.Vol. 4); Jewell v. Seidenberg, 82 N.M. 120, 477 P.2d 296 (1970).

■ Thirdly, defendant claims the right to a directed verdict. The motion for a directed verdict was made at the close of the State's case, but not at the close of all the evidence. It is not subject to review. The defendant waived his motion by introducing evidence on his behalf without renewing his motion at the close of the whole case. State v. Sandoval, 83 N.M. 599, 495 P.2d 379 (Ct.App.1972). Nevertheless, the evidence has been reviewed and is sufficient to sustain the conviction. State v. Hunt, 83 N.M. 546, 494 P.2d 624 (Ct.App. 1972).

■ Fourthly, defendant claims error for failure to give an instruction that the jury must first find that defendant "did not have the consent to use the card by the person to whom it was issued." Consent is not an essential element of the crime with which defendant was charged. See § 40A–16–33, subd. A(3), supra.

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.