519 P.2d 1029

STATE of New Mexico, Plaintiff-Appellee,

v.

Gary L. RIORDAN, Defendant-Appellant.

No. 1180.

Court of Appeals of New Mexico.

Feb. 13, 1974.

Hendley and Sutin, JJ., concurred specially.

Albert J. Rivera, Alamogordo, for appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Sp. Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HERNANDEZ, Judge.

The Defendant appeals his conviction and sentence on one count of unlawful sale of amphetamines; one count of unlawful sale of d-Amphetamine Sulphate and Amobarbital, Amphetamines and Methylphenidate; and, one count of unlawful sale of Morphine, all of these sales contrary to Section 54–11–20, N.M.S.A. (Vol. 8, pt. 2, Supp.1973). His appeal raises two issues: (1) that the trial court erred in not granting defendant's motion for severance; and (2) that the trial court erred in communicating with the jury after deliberations had begun outside the presence of defendant and his counsel.

We affirm.

Rule 10, Rules of Criminal Procedure (Section 41–23–10, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973) ), provides:

"Rule 10. Two [2] or more offenses may be joined in one [1] complaint, indictment, or information with each offense stated in a separate count, if the offenses, whether felonies, or misdemeanors, or both: (1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan."

The facts are: That on July 16, 1972 the defendant sold ten tablets of amphetamines

to undercover officer Roybal; that on July 17, 1972 he sold 50 capsules containing d-amphetamine sulphate and amobarbital, amphetamines and methylphenidate to the same officer; and that on August 5, 1972 he sold six tablets of morphine to the same officer.

■ Clearly this is the kind of situation intended to be covered by Rule 10. Three sales of controlled substances by the defendant to the same individual in the same community and all within a comparatively short period of time. It would be difficult to conceive of three separate offenses, more the "same or similar" in character.

Rule 34(a), Rules of Criminal Procedure, supra, provides:

"If it appears that a defendant or the prosecution may be prejudiced by a joinder of offenses or of defendants in any complaint, indictment or information, or by joinder for trial, the court may order separate trials of offenses, grant a severance of defendants, or provide whatever other relief justice requires."

There was no showing of prejudice by the defendant.

■ The defendant was charged with four separate offenses in the indictment. Defendant contends that all four should have been severed or all four joined and that he was prejudiced by the failure to join all four. Defendant's only motion was for severance, consequently he waived any right he might have had for joinder.

■ After the jury had been deliberating about two hours, it requested to see an exhibit. The trial court sent them all of the exhibits. Although not indicated by the record, the State concedes that neither the defendant nor his attorney were present when the request was received nor when the exhibits were delivered.

Rule 42(c), Rules of Criminal Procedure, supra, provides:

"Upon its request to review any exhibit during its deliberations, the jury shall be furnished all exhibits received in evidence."

As can be seen it is not required that the defendant and his attorney be present. As distinct from Rule 43(a) and (b), Rules of Criminal Procedure, supra, which provides:

"(a). After the jurors have retired to consider their verdict, if they desire additional instructions or to have any testimony read to them, they may in the discretion of the court be returned into the courtroom and the court may give them such additional instruction or may order such testimony read to them. Such instruction shall be given and such testimony read only after notice to, and in the presence of, the attorneys and the defendants."

"(b). The court may recall the jurors after they have retired to consider their verdict to give them additional instructions, or to correct any erroneous instructions it has given them. Such additional or corrective instructions may be given only after notice to and in the presence of the attorneys and the defendants."

No error was committed. The trial court did what it was authorized to do.

It is so ordered.

HENDLEY and SUTIN, JJ., specially concur.

HENDLEY, Judge (specially concurring).

We concur in the result of Judge Hernandez' opinion but remand to the trial court for resentencing pursuant to State v. Herrera, (Ct.App.) No. 1242, decided January 23, 1974. Certiorari applied for January 28, 1974. See also Certification of State v. Berry, (Ct.App.) 520 P.2d 557, No. 1191, decided January 23, 1974.

SUTIN, J., concurs.