535 P.2d 1085

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard A. McCALLUM, Defendant-Appellant.**

**No. 1542.**

Court of Appeals of New Mexico.

March 26, 1975.

Rehearing Denied April 8, 1975.

Second Rehearing Denied April 14, 1975.

N. Tito Quintana, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., W. Royer, Jill Cooper, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant was indicted by a grand jury for one count of conspiracy [§§ 40A–28–2 and 40A–16–6, N.M.S.A.1953 (2d Repl.Vol. 6)] and eight counts of fraud [§ 40A–16–6, supra]. The defendant moved for severance of these charges and the court ordered the district attorney to proceed with the one count of conspiracy and two counts of fraud. Defendant was convicted of one count of fraud and sentenced to two to ten years in the state penitentiary.

Defendant appeals, urging four points for reversal: (1) that he was denied a fair trial by the court's failure to grant complete severance of the various counts of the indictment; (2) that he was denied a fair trial by the court's admitting into evidence testimony regarding the severed counts and transactions with persons not named in the indictment; (3) that there was insufficient evidence for the jury to convict the defendant and that he was entitled to a directed verdict; and (4) cumulative error. We affirm.

(1) *Severance*. The defendant's motion was based on Rule 34(a) of the Rules of Criminal Procedure for District Courts [§ 41–23–34(a), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973)]:

"If it appears that a defendant or the prosecution may be prejudiced by a join-

der of offenses or of defendants in any complaint, indictment or information, or by joinder for trial, the court may order separate trials of offenses, grant a severance of defendants, or provide whatever other relief justice requires."

Rule 10 of the Criminal Rules provides for joinder of offenses [§ 41–23–10, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973)]:

"Two or more offenses may be joined in one complaint, indictment or information with each offense stated in a separate count, if the offenses, whether felonies or misdemeanors or both: (1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan."

The record demonstrates a similarity in character and a connection between the acts alleged. The two counts of fraud and the count of conspiracy to defraud arose from unfinished construction contracts, including contracts for the remodeling of homes and contracts for the purchase of materials for such remodelings. This is the sort of situation intended to be covered by Rule 10. State v. Riordan, 86 N.M. 92, 519 P.2d 1029 (Ct.App.1974).

Joinder being proper in this case, it is only necessary to review defendant's motion for severance. The granting of severance of offenses is a matter of judicial discretion and must be based upon a showing of prejudice. State v. Volkman, 86 N.M. 529, 525 P.2d 889 (Ct.App.1974); State v. Riordan, supra. There was no showing by the defendant that joinder of the counts in this trial resulted in prejudice. As will be shown in part two of this opinion, evidence of the other counts was admissible whether the counts were severed or not. We conclude, therefore, that the trial court did not abuse its discretion in denying the defendant's motion for a complete severance as to all counts.

(2) *Evidence.* Defendant contends that he was prejudiced and denied a fair trial when the court allowed testimony, over his objection, as to transactions with persons which occurred relative to the severed counts of the indictment and as to transactions for which he was not indicted. Defendant seems to be of the impression that the trial court's granting of a partial severance was a determination of the admissibility of evidence relative to the severed counts. It was not. We do not have before us the transcript of the hearing on the motion to sever. The trial court may, in its discretion, have granted the severance so as not to unduly burden the jury with a decision as to a large number of counts. Its decision may have had nothing to do with the admissibility of evidence. For the reasons that follow, the evidence of other similar acts was admissible.

In the case of fraud, related incidents of accused's acts are admissible to establish motive, absence of mistake or accident, common scheme or plan, or the identity of the person charged with various crimes. State v. Lopez, 85 N.M. 742, 516 P.2d 1125 (Ct.App.1973). The evidence was clearly admissible to show either motive or intent. State v. Lopez, supra; see also Rule 404(b), New Mexico Rules of Evidence [§ 20–4–404(b), N.M.S.A.1953 (Repl.Vol. 4, Supp.1973)]. If evidence was only presented as to one count, it would be possible for the jury to conclude that either the business of home construction is risky, that defendant is simply a poor businessman, or that defendant mistakenly believed that he could complete the contract. The fact that defendant entered into many contracts which he failed to complete shows that either he was aware of the risks, that he was aware of his capabilities, or that he could not have believed that he would complete the contracts. The defendant's proceeding to contract in spite of his awareness is evidence of his fraudulent intent. People v. Smith, 18 Ill.2d 547, 165 N.E.2d 333, 78 A.L.R.2d 1354 (1960); Annot., 78 A.L.R.2d 1359 (1961).

(3) *Sufficiency.* Defendant attacks the sufficiency of the evidence used

to convict him. We view the evidence in the light most favorable to support the verdict. State v. Trujillo, 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973); State v. Gregg, 83 N.M. 397, 492 P.2d 1260 (Ct.App.1972). In so doing, we see on the record that the defendant entered into a contract with the victim of the fraud to do certain construction work. This work was not done. Defendant even gave the victim a promissory note, evidencing an indebtedness, which was never paid. This, taken together with the evidence of other similar transactions, constituted substantial evidence. It is for the jury, not this reviewing court, to determine the weight to be given such evidence. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967).

(4) *Cumulative error.* Defendant's argument on this point fails, since we have decided against him in points 1, 2 and 3. State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

The judgment and sentence of the trial court are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.