906 P.2d 734

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Federico ORTIZ, Defendant–Appellant.**

**No. 9217.**

Court of Appeals of New Mexico.

Jan. 27, 1987.

Paul G. Bardacke, Attorney General, Gail MacQuesten, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Assistant Appellate Defender, Santa Fe, for Defendant–Appellant.

## OPINION

GARCIA, Judge.

■ Defendant appeals from his felony conviction of holding or using an altered license plate in violation of NMSA 1978, Section 66–8–3(D). He raises three issues: (1) whether the trial court erred in giving jury instructions that did not contain an essential element of the charge; (2) whether the trial court erred in refusing to submit defendant's requested mistake of fact instruction; and (3) whether the conviction for using an altered plate was supported by substantial evidence. The issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.), *cert. denied*, 102 N.M. 734, 700 P.2d 197 (1985). We affirm.

## FACTS

On May 21, 1985, Clovis Police Detective Morgan saw defendant driving a motorcycle. Having personal knowledge that defendant's driver's license had been revoked, Morgan pursued defendant. While doing so, Morgan radioed for a check on the motorcycle's license plate and was informed that the motorcycle was registered to Harry Vetterly and that the registration had expired in March 1985. Morgan noticed that the motorcycle's license plate had a May 1985 registration sticker.

After stopping defendant, Morgan asked him for his driver's license and registration papers. Defendant said that he had neither document and that the motorcycle was his. Morgan then saw that a small metal plate, bearing a May 1985 registration sticker, had been placed over the March 1985 registration sticker and was attached to the plate by a screw on one side and an alligator clip on the other.

Morgan commented to defendant that the plate appeared to have been altered. In response, defendant said that the motorcycle belonged to his brother and that the plate was in that condition since it was in defendant's possession. Morgan testified that defendant told him the plate had been altered since his brother bought the motorcycle and that defendant had been driving it for approximately two months.

The motorcycle was registered to Vetterly. Vetterly purchased it in the early summer of 1984. In August 1984, Vetterly agreed to sell the motorcycle and transferred possession of it to Kenny Foster in exchange for partial payment. Vetterly testified that at the time of the transfer, the motorcycle had a valid registration that would expire in March 1985. Since Vetterly had not received payment in full for the motorcycle, he did not transfer title to Foster. In October 1984, Foster traded the motorcycle, which was then inoperable, to Moses Ortiz, defendant's brother. Moses Ortiz was later incarcerated in an unrelated offense. In March or April 1985, during his brother's incarceration, defendant had the motorcycle repaired and used it until his arrest on May 21, 1985.

Moses Ortiz testified that he did not recall whether the registration plate was in an altered condition and that his brother, defendant, was not involved in the trade with Foster for the motorcycle. Defendant testified that he did not alter the plate. Defendant also stated that he never noticed the month printed on the registration sticker, nor had he noticed the altered state of the plate until Detective Morgan mentioned it.

In closing argument, the defense expressly conceded that the state had shown that defendant had used an altered plate. The only issue the defense presented to the jury was whether defendant knew the plate had been altered.

## DISCUSSION

*Whether the Instructions Omitted an Essential Element.*

■ Defendant's primary argument on appeal is that the trial judge erred in failing to instruct the jury on an essential element of the charge. Since failure to instruct the

jury on an essential element of the crime charged is jurisdictional, it may be raised for the first time on appeal. However, the failure to instruct on the definition or the amplification of an element is not error. *State v. Stephens,* 93 N.M. 458, 601 P.2d 428 (1979). The question is whether all the *essential* elements were contained in the jury instructions.

Defendant was charged with violating Section 66–8–3(D). The statute in its entirety provides:

> It is a felony for any person to commit any of the following acts:
>
> A. to alter with fraudulent intent any certificate of title, registration evidence, registration plate, validating sticker or permit issued by the division;
>
> B. to forge or counterfeit any such document or plate purporting to have been issued by the division;
>
> C. to alter or falsify with fraudulent intent or to forge any assignment upon a certificate of title; or
>
> D. *to hold or use any such document or plate, knowing the same to have been so altered, forged or falsified.*

(Emphasis added.)

A reading of the statute indicates that in subsection D the legislature was concerned with the use of a plate that had been altered with fraudulent intent. Such is the significance of the language "so altered."

Defendant maintains that fraudulent intent was an essential element of a violation of subsection D. Otherwise, he argues, the jury would be free to convict a defendant if the plate he used had been altered in any manner whatsoever.

There are no Uniform Jury Instructions approved for use with this statute. The trial court gave an instruction on the elements of a violation of subsection D without limiting the requirement of an underlying alteration to an alteration with fraudulent intent:

> For you to find the defendant guilty of holding or using an altered license plate as charged in Count 1, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of a crime:

> 1. The defendant held or used a license plate which had been altered;
>
> 2. At the time he used or held the license plate, the defendant knew it had been altered;
>
> 3. This happened in New Mexico on or about the 21st of May, 1985.

■ The instruction given substantially followed the language of Section 66–8–3(D). Generally, instructions that substantially follow the language of a statute are sufficient, *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973), as long as the language of the statute adequately conveys what is required for conviction. *State v. Puga,* 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973).

■ In the context of items with legal significance, the common meaning of an alteration is a change in the legal significance or effect of the item. *Webster's New International Dictionary, Unabridged,* 76 (2d ed. 1955). Since this was a criminal prosecution, the jury would understand that there had to be a unilateral and unauthorized change in the legal effect of the plate and hence an illegal alteration. Thus, the jury instructions sufficiently conveyed the requirement that there had to be an underlying illegal alteration of the plate and conveyed the essential nature of the required element. *Cf. State v. Jennings,* 102 N.M. 89, 691 P.2d 882 (Ct.App. 1984) (on charge of possession of burglary tools, definition of burglary is not required). If defendant thought it was important for the jury to consider exactly what constituted an illegal alteration in violation of Section 66–8–3(D), he could have requested that a definitional instruction be given. However, such an instruction would have amounted to a further definition or amplification of the instruction given. Even though a more complete instruction would have been better, we find that the court's instruction covered the essential elements and the failure to instruct on definition is not jurisdictional error.

*Refusal to Submit Requested Mistake of Fact Instruction.*

■ Defendant argues that the trial judge erred in refusing to give defendant's ten-

dered mistake of fact instruction. The trial judge instructed the jury that they had to find that defendant acted intentionally and knew that the plate had been altered. When the instructions given include instructions on the defendant's requisite mental state, the mistake of fact concept is automatically included and no separate instruction is required. *State v. Griscom*, 101 N.M. 377, 683 P.2d 59, (Ct.App.), *cert. denied*, 101 N.M. 362, 683 P.2d 44 (1984).

### *Substantial Evidence.*

 Finally, defendant maintains there was insufficient evidence to establish that whoever altered the license plate altered it with fraudulent intent. The ordinary meaning of fraud is deceit. *Webster's New International Dictionary, Unabridged*, 1002 (2d ed. 1966). Fraudulent intent, then, is the intent to deceive. The license plate itself, State's Exhibit No. 1, has a piece of metal affixed that bears a May 1985 registration. The metal covers what appears to be the original March 1985 registration sticker. These circumstances allow the reasonable inference that whoever altered the plate intended to deceitfully make it appear that the registration was valid until May, rather than March. A material fact may be proven by inference. *State v. Brown*, 100 N.M. 726, 676 P.2d 253 (1984). We find that there was substantial evidence introduced to allow the jury to find that the license plate had been altered with fraudulent intent.

## CONCLUSION

Having found no error in the trial below, the conviction of defendant is affirmed.

IT IS SO ORDERED.

ALARID, J., Specially concurs.

FRUMAN, J., concurs in part and dissents in part.

ALARID, Judge (Specially Concurring).

I concur with the result reached by the court, but write separately to expand on the court's comments on the requirements for conviction under subsection D.

Finding, as we have, that the jury instructions sufficiently conveyed the requirement that there had to be an underlying illegal alteration of the plate, conviction under subsection D would have to result from defendant's knowledge and *use* of a fraudulently altered plate. It matters not to defendant who altered the plate, since he was not charged under subsections A, B or C. Rather, his conviction resulted from his use of a license plate when circumstances allowed the jury to reasonably infer from the evidence that defendant knew the plate was deceitfully altered. *State v. Brown.*

FRUMAN, Judge. (Concurring in part and dissenting in part).

I respectfully dissent from the conclusion that the given jury instruction contains the essential elements of the crime charged.

The jury instruction given by the trial court as to the elements of a violation of NMSA 1978, Section 66–8–3(D) reads in part:

For you to find the defendant guilty of holding or using an altered license place ... the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of a crime:

1. The defendant held or used a license plate which had been altered;

2. At the time he used or held the license plate, the defendant *knew it had been altered*[.] [Emphasis supplied.]

Section 66–8–3, entitled "False evidences of title and registration," provides in part:

It is a felony for any person to commit any of the following acts:

A. to alter with fraudulent intent any ... registration plate ... issued by the [motor vehicle] division;

B. to forge or counterfeit any such ... date ... issued by the division;

C. to alter or falsify with fraudulent intent or to forge any assignment upon a certificate of title; or

D. to hold or use any such ... plate, *knowing the same to have been so altered*, forged or falsified. [Emphasis supplied.]

Defendant contends that the emphasized language of Section 66–8–3(D) requires the

jury to find that the license plate had been altered *with fraudulent intent.* I agree, but believe the jury is additionally required to find that defendant *knew* the plate had been altered with fraudulent intent.

The legislature has the authority to define crimes. *State v. Allen,* 77 N.M. 433, 423 P.2d 867 (1967). In determining the crime that has been defined, we look to the language of the statute. *State v. Pendley,* 92 N.M. 658, 593 P.2d 755 (Ct.App.1979), *overruled on different grounds, Buzbee v. Donnelly,* 96 N.M. 692, 634 P.2d 1244 (1981). When the meaning of the statutory language is plain, we must give that language its intended effect. *State v. Ortiz,* 78 N.M. 507, 433 P.2d 92 (Ct.App.1967). We also should not change the language to construe it against the accused, *State v. Collins,* 80 N.M. 499, 458 P.2d 225 (1969), and any doubts regarding the meaning of the language should be construed in favor of the accused. *State v. Ortiz.* The legislature is presumed to have used no surplus words, and where possible, effect must be given to every part of the statute. *Weiland v. Vigil,* 90 N.M. 148, 560 P.2d 939 (Ct.App.), *cert. denied,* 90 N.M. 255, 561 P.2d 1348 (1977).

These rules of statutory construction should be applied to Section 66–8–3 as follows. Subsection (A) defines a felony when a registration or license plate is altered with fraudulent intent. Subsection (B) defines a felony when a license plate is forged or counterfeited. Forgery requires proof of an intent to injure, deceive or cheat. *See* NMSA 1978, UJI Crim. 16.33 (Repl.Pamp.1982) and the Committee commentary. Subsection (C) defines a felony when a certificate of title is altered or falsified with fraudulent intent or when an assignment of a certificate is forged.

In examining subsection (D), I would find that it is a felony to hold or use any certificate of title, registration evidence, registration plate, validating sticker, or permit issued by the motor vehicle division, when a person knows the same to have been "*so* altered, forged or falsified." The word "so" means in the same manner as had been previously stated and has reference to something previously mentioned. *See Kephart v. Buddecke,* 20 Colo.App. 546, 80 P. 501 (1905); *Blanton*

*v. State,* 1 Wash. 265, 24 P. 439 (1890). Prior to its use in subsection (D), "altered" is conditioned by a requirement of "with fraudulent intent" in subsections (A) and (C). Subsection (B) also requires proof of an intent to defraud. The word "so" in subsection (D) modifies "altered, forged or falsified."

In light of the fraudulent intent requirement in subsections (A), (B) and (C), I would interpret the use of "so" in subsection (D) to mean that such document or plate has been "altered, forged or falsified" with fraudulent intent. Since there is also a "knowing" requirement in subsection (D), the essential elements of the crime defined are that the accused knew that the registration plate held or used by him had been altered, forged or falsified with fraudulent intent. The instruction given by the trial court did not require the jury to find that defendant knew the registration plate had been "so" altered or altered *with fraudulent intent.*

Defendant did not previously object to the jury instruction given by the trial court on this basis and raises his pertinent objection for the first time on appeal. The general rule, however, is that the failure to give a jury instruction containing the essential elements of the crime charged is jurisdictional and may be raised for the first time on appeal. *State v. Foster,* 87 N.M. 155, 530 P.2d 949 (Ct.App.1974). *See State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977); NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Repl.Pamp.1983). Where a conviction follows from the use of a jury instruction that does not include all essential elements of the crime charged, the conviction must be reversed. *See State v. Buhr,* 82 N.M. 371, 482 P.2d 74 (Ct.App.1971); *State v. Walsh,* 81 N.M. 65, 463 P.2d 41 (Ct.App.1969).

Secondly, defendant claims that the trial court erred in not submitting to the jury his tendered instruction on his defense of mistake of fact. *See* NMSA 1978, UJI Crim. 41.15 (Cum.Supp.1985). In view of the above, I would not review this claim, except to note that a defendant is not ordinarily entitled to a specific instruction where the jury is adequately instructed on the matter by other instructions. *State v. Venegas,* 96 N.M. 61, 628 P.2d 306 (1981).

Finally, defendant contends that his conviction for violating Section 66–8–3(D) is not supported by substantial evidence. Specifically, defendant states that the evidence was insufficient regarding the fraudulent intent of the person who altered the license plate.

The record does not contain any direct evidence indicating who altered the license plate, the reason it was altered, or whether defendant knew it had been altered with fraudulent intent, prior to his being stopped by Detective Morgan.

From the evidence recited in the majority opinion, a permissible inference may be made that the license plate had been altered with fraudulent intent because the motorcycle had not been validly registered and the May 1985 registration sticker did not apply to that motorcycle. A permissible inference may also be made that defendant knew of the alteration based upon: (1) his statement that the plate had been altered "since" his brother purchased it; (2) his repair and use of the motorcycle either in March, when the registration was due to expire, or in April, when the registration had expired; and (3) the obvious and distinct nature of the actual alteration of the license plate, which was admitted into evidence. *See State v. Nation*, 85 N.M. 291, 511 P.2d 777 (Ct.App.1973); *State v. Andrada*, 82 N.M. 543, 484 P.2d 763 (Ct. App.1971). These inferences, coupled with the direct evidence that defendant was in possession of an altered license plate, constitutes substantial evidence of the essential elements of the offense charged. I do not mean to imply, however, that these inferences establish the guilt of defendant beyond a reasonable doubt. That issue would have been decided by the jury if a new trial had been granted.

I would reverse the conviction of defendant and remand his case for a new trial consistent with my comments.