This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **NO.  31,536**

**HARRY WILLIAM HESS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Sergio J. Viscolo, Assistant Attorney General
Santa Fe, NM

for Appellee

Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals from his convictions for two counts of fraud (over $2500) and one count of conspiracy to commit fraud (over $2500).  In his docketing

statement, Defendant raised four issues: (1) ineffective assistance of counsel, (2) the State's failure to disclose reports, (3) prosecutorial misconduct, and (4) insufficient evidence. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition abandoning Issues 2 and 3. We have duly considered Defendant's arguments in opposition to our proposed disposition of the remaining issues. Unpersuaded by Defendant's arguments, we affirm. To the extent Defendant has moved to amend his docketing statement to assert that the district court erred in permitting other acts evidence to be admitted, for the reasons set forth below we conclude that this issue is not viable and deny Defendant's motion to amend.

**Sufficiency of the Evidence**

Defendant contends that there was insufficient evidence to support his convictions for fraud. In this Court's calendar notice, we noted that Defendant appeared to be asking this Court to reweigh evidence on appeal, based on Defendant's argument that other witnesses's testimony contradicted the victim, Deborah Cash's testimony that a fraudulent transaction had occurred. [CN 10-11 (citing *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683, for the proposition that "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict")]

In his memorandum in opposition, Defendant contends that he is not asking this Court to reweigh evidence or determine credibility. [MIO 10] Instead, Defendant contends that Cash's testimony, even if uncontradicted, is "per se insufficient." [Id.] We disagree.

"Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986). The jury was instructed that to find Defendant guilty of fraud it must find: (1) "[D]efendant, by any words or conduct, misrepresented a fact to Deborah Cash, intending to deceive or cheat Deborah Cash"; (2) "Because of the misrepresentation and Deborah Cash's reliance on it, [D]efendant obtained $20,000"; (3) "This $20,000 belonged to someone other than [D]efendant"; and (4) "This happened in New Mexico on or about the 6th day of September, 2007." [RP 173] The jury was similarly instructed with respect to the $4,000 Cash paid to Defendant for the five acres of land. [RP 174] In his memorandum in opposition, Defendant submits that Cash testified that Defendant told her he would sell her a double-wide trailer for $20,000 and five acres of land for $5,000. [MIO 5] Cash testified that Defendant told her he had purchased the property for $185,000. [Id.] Cash testified that she gave Defendant a check for $20,000 for the double-wide trailer, and a check for $4,000 for the land. [Id.] Defendant's wife and co-defendant testified that they did not own the

property at the time they agreed to sell it to Cash. [Id.] We conclude this evidence satisfies each of the aforementioned elements. *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (providing that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Defendant specifically contends that there is "no discernable evidence . . . that Defendant intended to defraud Cash." [MIO 11] "Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Sosa*, 2000-NMSC-036, ¶ 9, 129 N.M. 767, 14 P.3d 32 (internal quotation marks and citation omitted). We conclude that a reasonable jury could infer, based on Cash's testimony that Defendant told her he owned the property and offered to sell it to Cash and his co-defendant's testimony that they did not own the property at the time of this transaction, that Defendant intended to deceive Cash. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

To the extent Defendant contends Cash's testimony that she and Defendant entered into an oral agreement is insufficient to support Defendant's conviction for

4

fraud since an oral agreement would not satisfy the statute of frauds, we conclude that Defendant's argument is misplaced. The statute of frauds governs the existence of an enforceable contract to sell real estate and has no bearing on a criminal prosecution for fraud, and Defendant has not directed this Court to any authority indicating otherwise. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists). Further, to the extent Defendant is arguing that Cash's reliance on his misrepresentation was unreasonable, because she claims he offered to sell her property worth close to $200,000 for $25,000, there is no requirement in the jury instruction that Cash's reliance be reasonable, Defendant does not challenge the instructions given to the jury, and Defendant cites no authority to support his argument that this renders the evidence against him "per se insufficient." We therefore conclude that Defendant has not demonstrated that there is insufficient evidence to support his conviction. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (providing that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

**Ineffective Assistance of Counsel**

5

This Court understood Defendant to have argued in his docketing statement that the district court's denial of his counsel's motion for continuance rendered his counsel ineffective. As a result, we applied the standard set forth in *State v. Brazeal*, 109 N.M. 752, 790 P.2d 1033 (Ct. App. 1990), and proposed to conclude that Defendant had not satisfied his burden. In proposing to affirm on this basis, we noted that Defendant had not demonstrated prejudice. [CN 3-5] *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 ("To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that Defendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotation marks and citation omitted)). Defendant's counsel has responded to this deficiency by asking this Court to place the matter on the general calendar to engage in a "plenary" review of the proceedings. [MIO 17-18] We decline to do so. Defendant has not directed this Court to any evidence of prejudice in the record. This is Defendant's burden on direct appeal. Where "facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**Motion to Amend the Docketing Statement**

Defendant has moved this Court to amend his docketing statement to add an additional issue: Whether the district court committed reversible error by allowing the introduction of other bad acts evidence. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely; (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal; and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Defendant contends that "it was reversible error for the [d]istrict [c]ourt to admit evidence concerning the allegedly fraudulent Morrison transaction." [MIO 11] In determining the viability of this issue, this Court must ask whether the district court abused its discretion in admitting this evidence. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. "We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted).

Rule 11-404(B)(1) NMRA provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 11-404(B)(2). Defendant contends that evidence he tricked Morrison into signing over the deed to her house, the house that Cash testified he then offered to sell to her, was offered to establish that Defendant had a propensity for defrauding middle-aged single women, and as such should have been excluded. [MIO 14] Given the connection between Defendant's conduct in getting Morrison to sign over the deed to her house and Defendant's representations to Cash that he was going to sell her the same home, we cannot say that the district court abused its discretion in allowing this evidence to come in as evidence of a common scheme or plan. *See State v. McCallum*, 87 N.M. 459, 461, 535 P.2d 1085, 1087 (Ct. App. 1975) ("In the case of fraud, related incidents of accused's acts are admissible to establish motive, absence of mistake or accident, common scheme or plan, or the identity of the person charged with various crimes.").

To the extent Defendant contends that this evidence should have been excluded because it was more prejudicial than probative, we note that "[d]etermining whether

the prejudicial impact of evidence outweighs its probative value is left to the discretion of the trial court . . . [i]n determining whether the trial court has abused its discretion in applying Rule 11-403, the appellate court considers the probative value of the evidence, but the fact that some jurors might find this evidence offensive or inflammatory does not necessarily require its exclusion." *Rojo*, 1999-NMSC-001, ¶ 48 (citations omitted). Thus, "[t]he fact that competent evidence may tend to prejudice the defendant is not grounds for exclusion of that evidence. . . . The question is whether the probative value of the evidence was outweighed by its prejudicial effect." *State v. Hogervorst*, 90 N.M. 580, 588, 566 P.2d 828, 836 (Ct. App. 1977) (citation omitted). Based on the facts of this case, we cannot say the district court clearly abused its discretion in determining that the probative value of Morrison's testimony outweighed any prejudice caused to Defendant. Because we conclude that Defendant has not demonstrated that his evidentiary claim is viable, we deny Defendant's motion to amend the docketing statement to include his challenge that the district court erred in admitting other bad acts evidence.

For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

9

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**